Judge Owsley
delivered the opinion of the court.
In June, 1791, Edward Waller made and published his last will and testament, in writing, containing various provisions in relation to the disposition of his estate.
And having departed this life, his will was duly proven before the Bourbon county court, and, at the January term, 1792, admitted to record, and upon the execution of a bond bv John Edwards, the executor named, and the appellant, Moore, his security, letters testamentary were granted.
, The appellees, who are the children as well as devisees of the testator, for the purpose of obtaining that portion of the estate of their father, to which they conceived themselves entitled, in 1813, after they had all arrived to full age, exhibited their hill of complaint against the executor, and Moore, his security.
They alledge that the estate consisted of lands, slaves and personal chattels,, and that under an authority given to him by the will, the executor sold part of the land, and received large sums of money in payment thereof, but he refuses not only to pay over the money so received, but more - over fails and refuses to pay to the appellees any part of the estate of the testator.
Edwards and Moore both admit the making of the will fay the testator, and also the execution of the bond by them for a faithful execution of the will.
Edwards alledges that he made out and returned to court an inventory of the estate, admits the sale' of the land charged in the bill, but charges, that having become a bankrupt, he obtained, in strict conformity to the act of congress in that case provided, a certificate thereof, and insists upon being thereby absolved from any claim of the appel-lees to which he might have been otherwise liable.
JTiie áctof adm'rs,which, gives an ac-^bond’ ¡soniy cuim'. latit-c, and does not oust tide chancet-ior Qf⅛ jj. risdiction in such cases’
, Moore not having a personal knowledge of tne acts of Edwards, requires Rom the appellees full proof of their demands, urges that he is not, according to the import of his bond, liable for the acts of the executor in relation to the land, and insists upon the certificate of Edwards’ bankruptcy producing the same effect in relation to him, as that contended for by Edwards.
On a final hearing, the court below, supposing that, ia consequence of Edwards’ bankruptcy, he could not be made further liable, decreed that he and Moore, against a day named, should deliver rip the slaves mentioned in the will, and to which the appellees were adjudged to be entitled,Aut not supposing the certificate to have any operation favorable to Moore, subjected him, moreover, not only to the appellees’ claim for the proportion of the personal property, but also decreed he should pay the amount of the proceeds of the sales of the land, together with interest and cost. From this decree, Moore has appealed to this court. _
Preliminary to an examination of the merits of the decree, it is proper we should notice the objections taken in argument to the propriety of the appellees’ resorting to a court of chancery for relief.
it was contended, that as an action at law might have been maintained upon the executor’s bond, relief should have been sought in that mode of action, and not by application to the chancellor.
Were the question of cognizance to be determined, ex-clusiveiy, by reference to the statute under which the bond was given, there would certainly be some force in the argument. Fot, as by that statute, any person is permitted to sue, the suit given, as was decided" by this court in the case of Jackson against the Bourbon justices, 2 Bibb, 292, must be understood to be an action at law, and not by bill in equity . ~
> The remedy thus given by the statute, however, as it gtows out of an affirmative provision, is in its nature cumulative only, and should not be construed to supercede any other to which those interested might otherwise have had recourse.
Itl deciding upon the propriety of applying to the chancellor in the present case for relief, therefore, we must be governed by those rules which usually control questions of equitable cognizance; and if so, we can have no hesitation *490 jn sustaining the application; for it is incontrovertably set-Unit as incident to their powers in relation to matters of trust and account, courts of chancery may entertain jurisdiction for the purpose of compelling executors and administrators to account and make distribution of the decedent’s estate. / i
Hio’at ¡aw necessriry to ascertain the ex’mVt'iahi'i uy, b.fore the security 'eiUalimbrn-eery no such .P '-j-e:\ufe is die'chancei tor Vviihid pt h s clrcree Vo 1 he j u u ice of i-dj iiit the w tr ip..,-¡iciions n .ne
the principal bus ‘b'rn Uisciiar-Jupt’thé’se* l ari-’y Ú »ot chert by re-ensed.
Rut if the case is proper for equitable cognizance, it is contended, that as. the liability of the executor appears not lo have been ascertained by a previous suit, Moore, his security, should not be made subject to the - appellee’s claim in pae present contest.
The doctrine contended for cannot, however, be permitted to prevail, For whatever may be the correct dq^trine jn a proceeding at law, by the creditors of the testator, the Chancellor, when applied to fof the purpose of distribution, as he'will not do things by halves, but delights in preventing multiplicity of suits, and possesses the power of .adapt->ng his decrees to the substantial justice of thecase, should, as' he will, regardless of the failure in not having previously brought another suit against the executor, bear and finally Jet ermine the liability of security, as well as that of the principal ln the bond. / , ■ '
Having thus disposed of the preliminary objections, wé arc ]ecj (0 examine the decree upon its merits.
And in entering upon this examination, it may be proper to premise, that whatever effect the certificate of Edwards’ bankruptcy may have, in relation to him, according to the oloar and obvious import of the act of Congress, there is no doubt but that Moore, the security, cannot have,been thereby discharged: so. that the propriety of the decree against Moore, turns very much upon the effect and legal operation of the bond executed by him and the executor.
That bond is in the usual form, and contains a condition that the executor “should make a true and perfect invento-'■ “ry of ail and singular the goods, chattels and credits of the “testator, which had or might come to his hands, possession “or knowledge, or into the hands or possession of any other “person or persons for him; and the same so made, to ex“hibit into I lie court of Bourbon county at such time as he “hhould be thereunto required by the said court; and tlie “same goods, chattels and credits, well and truly administer “according to law, and make a just and true account df all ‘‘his’ actings and doings therein, wheh thereunto required “by tire court; and further well and truly pay and deliver *491 ⅛11 the legacies contained and specified in the said will, as “far as the said goods, chattels and credits will extend, ac“cording to the value thereof, and as the law shall charge “him, gfc”
If ¾ t?sta-dtc0vlSuf Void for ⅛ payment of t!^. the'executor is liable to †'® ¿l,is ofPthe lands sold,
. Tiesecu-‘V't of yn ¡.werabiconly to bgatee* k !,")Se, . 'A,l° thee*taie,,'d not to hei scr distributees, &n adm’r. ⅛ au-sw, rabie to a
.That by this condition, Moore, as the security of the executor, is bound for the payment of the legacies contained in the will, to the extent and according to the Value of the goods, chattels and credits of the testator, is not contested, but it is urged, that as the land of the testator is neither goods, chattels nor credits, the surety. Moore, ought not to be subjected to the payment of the money received by the executor for the sale of the lands.
We are, however, of opinion that the value of the goods and chattels of the testator is not the only .criterion by which the liability of Moore is to be ascertained; but that according to the just import of the bond, he must be supposed accountable for all legacies, for which the executor is by law chargeable, whether they relate to the personal estate or grow out of sales directed to be made of the testator’s land. > -
But, we apprehend, the extent of Moore’s liability, to the representatives of the testator, must be measured exclusively by the legacies for which the executor is by law chargeable; and that for any surplus of the testator’s estate liot disposed of by his will, the bond of Móore does not impose upon him any obligation in favor of those entitled to pe distribution. , , __
__ The condition of the bond, it is true, contains a provision for the faithful administration of the estate of the testator, but as to administer the estate, implies , nothing more than a faithful discharge of the duties of an executor, in relation to those having claims against the estate, it is plain, that under that stipulation in the bond, the heirs claiming the estate,are'not entitled to indemnity.
That the stipulation to administer the estate does not imply an obligation to pay to those entitled to distribution, is moreover obvious from the forat of the condition of an administrator’s bond, given in the same statute. By that con-. *492 dii ion the administrator is made to stipulate, not only for a administration of the estate, but moreover to pay over the residue of the estate to such persons as may be entitled thereto by law; — thus clearly indicating that by the term administer, the legislature intended to impose an obligation in favor of creditors only, and not in behalf of the testator’s heirs or representatives.
A testator wifeiheguar-dknship of h,s children, •o'f (.'¡“slaves and personal p-operty du-li'oSl ¶⅞¶(' she marry a gam, and the ⅞0⅛ ti-e'ef tate wasting, or the cl i i i-dten take the children and two tn rds of the 'by ^another 'clause dtvis-cs his whole chlidrenaf er their moiher’s death, démiee», Vd the death
cr by her marriage ioo-•estate*'' hfe two ⅛⅛ bu4 if t he executor does not execute hispou-er.she is entitled as guardian, to he possession 'til the children come of age; the twothirds not being disposed of for the term, between 'the marriage and death of the wife, % scends to tBF: "hildstn as heirs
*492 If, then, tve are correct, as to the import of the obligation, it becomes .material, as well for the purpose of determining upon the right of the appellees to the money for which the land was sold by the executor, as their claim to the balance of the property, to advert to the provisions of the will.
j>v one provision in his will, the testator gave to his wife the plantation whereon he lived, during her life, and all his moveable estate and negroes during her widowhood, cons¡stent with, and under the care and authority of, his executori and directed that, she should have the care of, and educate his children, and keep them until they should arr¡vü at full age- bnt in case she should marry again, and ^1'8 executor should judge his children abused, or waste made of the estate, desired that his executor should take such part of his estate, not exceeding, two thirds, as he choose, and the children, into his care and manage-* meat, and if he should judge necessary, to take a bond and security for the safe return of the other third part at the death of his wife.
'And by an other provision the testator gave, at the death of his. wife, the whole of liis estate to his children,
These aré the only provisions of the will which have any hearing upon the rights of the parties to the property now in contest; and from them nothing is discovered calculated to myest the appellees with a right to demand the estate, or albv'(,art thereof, before the decease of their mother
Their mother, it is true, appears to have since married, and having done so, she is certainly not entitled, after the an'*vc at full age, to retain more than one third of t¡!e property specially given to her during widowhood; but as the will contains no disposition of the other two thirds a^cr ^iei decease, the appellees, most clearly, cannot, until then, assert their right to it as devisees,
During the minority of the children, t-be executor, under a clause-in the first provision cited from the will, might, no doubt, upon the children being abused, or waste made of *493 the estate, have taken the children and two thirds of the property intfó his care and management; and if he had done so, the estate taken would, most indubitably, have been heldjn trust for the children’s use and benefit.
Bibb for appellants, Hardin fot appellees.
The ex’or may be compelled to account for the property, but his iecuritv is ciot bound to account to the -children-claiming as heirs or dis-tributees.
But as the exercise of the power, thus delegated to the executor, was made to depend upon his judging, either the children were. abused, or waste mgde of the estate, it is plain, that until the happening of one or the other of those contingencies, the appellees cannot, by ,that provision in the will, have become invested with any title to the property. Andas the executor is not even alledged to have exercised the power so conferred upon him by the will, the right of the appellees must be determined by the other provisions of the will; and, according to them, as we haveedT ready observed, they are not entitled until their mother’s death,
As, however, according to our construction of the will, it contains no disposition of two thirds of the estate, between the time of the children beeoming of full age, gnd the death of their mother, the beneficial interest for the intermediate term must be supposed to have passed to the children as the heirs of the decedent, and in a suit by them in that character, they might, no doubt, compel the execuior (unless by some means be may be discharged) to account for the same; but as in such a contest they would derive their right as heirs and distributees, and not as devisees or legatees, Moore, the security, could not be made liable. ,
Because, therefore, the appellees have shewn no right as devisees to the property in contest, until the death of their mother, and as she is not proven to be dead, they cannot be •entitled to a decree against Moore.
The decree as to him must consequently he reversed with cost, the cause remanded, and the bill dismissed with cost. , * ,